UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE DAVIS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RAMA CAPITAL PARTNERS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-04969-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TRO**<br><br>Docket No. 11 |

　　　　Plaintiff Stephanie Davis has filed a foreclosure-related suit against multiple defendants, both entities and individuals. Currently pending before the Court is Ms. Davis's motion for a temporary restraining order ("TRO") in which she seeks to enjoin the sale of certain real property located in San Leandro, California.

　　　　For temporary injunctive relief, a plaintiff must show that

> (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. [A court] employ[s] a "sliding scale test," which allows a strong showing on the balance of hardships to compensate for a lesser showing of likelihood of success. Thus, when plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show "serious questions" on the merits.

*Where Do We Go Berkeley v. Cal. DOT*, 32 F.4th 852, 859 (9th Cir. 2022).

　　　　The Court finds that Ms. Davis has made an adequate showing that she would likely suffer irreparable harm absent preliminary relief. To be sure, the real property at issue appears to be investment property (*i.e.*, Ms. Davis does not live there but rather is a landlord and rents the

property out).  Nevertheless, there is a sufficient showing of irreparable harm because, if the real property were to be sold at a public auction (as Defendants indicated at the hearing), it would likely be sold for far less than its market value, and likely below the outstanding amount owed to the lender.  Because the promissory note (*see* Mot., Ex. J) contains a full recourse provision (¶ I of the note), Ms. Davis would then be held liable for the difference between the value of the note and the value of the property as sold – which could be a significant sum.

The balance of hardships tips sharply in Ms. Davis's favor, particularly because at this point the Court is briefly delaying the sale of the property.

Because the balance of hardships tips sharply in Ms. Davis's favor, she need only show serious questions on the merits in order to obtain temporary injunctive relief.[1]  For the reasons stated on the record, many of Ms. Davis's claims appear to be weak on the merits (*e.g.*, her HBOR claims and her claims predicated on the assignment to the Rama Fund).  However, at the hearing, Ms. Davis, who is proceeding pro se, gave additional information in support of her fraud-based claims.  She alleged that she was initially promised an interest rate of 8.75% (contending that she has a document from the lender so verifying) but that, when she went to sign the loan, the interest rate was significantly higher – *i.e.*, 10.875%.  She further alleged that, when she brought this to the attention of Defendants, they essentially promised that they would fix the problem by refinancing her loan "in house" at the lower rate so long as she signed the loan that day.  Based on these representations, Ms. Davis has raised at least serious questions on the merits on her fraud-related claims.  In particular, she has alleged misrepresentation and reliance.

For the foregoing reasons, the Court concludes that Ms. Davis has made a sufficient showing in support of her motion for a TRO.  Accordingly, the Court hereby enjoins Defendants; their officers, agents, servants, employees, and attorneys; and anyone else in active concert or participation with them from selling or otherwise moving forward with the foreclosure of the real property at issue.  This TRO shall remain in place through the date of the next hearing which is **November 6, 2023, at 10:00 a.m.**  There is good cause for the TRO to extend until this time

---

[1] The public interest factor does not weigh strongly in favor of either party.

because the Court is in need of additional documentation from the parties (such as the document Ms. Davis referenced which purportedly promised an interest rate of 8.75%). Such documentation shall be filed by **October 24, 2023**. Furthermore, this will give the parties more time to meet and confer to see if they can reach agreement on a way to resolve the current dispute.

This order disposes of Docket No. 11.

**IT IS SO ORDERED**.

Dated: October 10, 2023

_____
EDWARD M. CHEN
United States District Judge